11-4347-cr
*United States v. Morillo-Vidal*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of May, two thousand thirteen.

PRESENT: RICHARD C. WESLEY,
         SUSAN L. CARNEY,
         J. CLIFFORD WALLACE,*
                  *Circuit Judges.*

------

UNITED STATES OF AMERICA,

                         *Appellee,*

              -v.-                            11-4347

JOHN CARTAGENA, CESAR TUEROS,

                         *Defendants,*

VLADIMIR ALEXIS MORILLO-VIDAL,
AKA VLADIMIR MORILLO,

                         *Defendant-Appellant.*

------

FOR APPELLANT:     ROLAND ACEVEDO, Scopetta Seiff Kretz &
                   Abercrombie, New York, NY.

------

\* Judge J. Clifford Wallace of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

FOR APPELLEE:     RYAN P. POSCABLO, Assistant United States Attorney, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Sweet, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the United States District Court for the Southern District of New York is **AFFIRMED.**

Defendant-Appellant Vladimir Alexis Morillo-Vidal ("Morillo-Vidal") appeals from a judgment of conviction entered on September 29, 2011, following a jury trial held in the United States District Court for the Southern District of New York (Sweet, *J.*).  A jury convicted Morillo-Vidal of one count of conspiracy to distribute and possess with the intent to distribute five kilograms and more of cocaine, in violation of 21 U.S.C. §§ 846, 812, 841(a)(1) and 841(b)(1)(A), and one count of attempting to possess with the intent to distribute five kilograms and more of cocaine, in violation of 21 U.S.C. §§ 812, 841(a)(1) and 841(b)(1)(A).  The district court sentenced Morillo-Vidal to the mandatory minimum 120-month term of imprisonment.  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Morillo-Vidal argues on appeal that the evidence presented at trial was insufficient to sustain the jury's verdict that he knowingly attempted to possess with the intent to distribute approximately 47 kilograms of cocaine. A defendant challenging a jury's verdict of guilt must establish that no rational juror could have found that the Government proved the elements of the crime beyond a reasonable doubt. *United States v. Rodriguez*, 392 F.3d 539, 544 (2d Cir. 2004). Morillo-Vidal cannot meet this "heavy burden." *Id.*

The evidence adduced at trial showed that Morillo-Vidal agreed to meet with Audrey Bonanno, who possessed 47 kilograms of sham cocaine, to pick up the drugs on behalf of "Bubu." After exchanging numerous calls with "Bubu" and Bonanno, Morillo-Vidal went to a McDonald's in Manhattan to meet Bonanno and retrieve a duffel bag containing the cocaine. Morillo-Vidal's claim that he was unaware of the duffel bag's contents is undermined by testimony establishing that the bag containing the sham drugs was partially unzipped, the trunk of the vehicle where the bag was located was well-lit, and Morillo-Vidal reached into the bag to push the duct-taped bricks of sham cocaine further inside the bag before zipping it closed. Morillo-Vidal's

3

claim that he believed the bag to contain clothing is suspect given that the duffel bag weighed approximately 100 pounds.  In addition, when the agents interrupted the transaction, Morillo-Vidal was poised to take sole possession of the drugs – a cache worth approximately $1.8 million – reflecting his position of trust with "Bubu." Based on these facts, the jury reasonably determined that the Government had met its burden to show Morillo-Vidal's knowledge of the contents of the duffel bag.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4